# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 1742 | **DATE** | 4/15/2004 |
| **CASE TITLE** | BRADFORD, ET AL vs. INDEPENDENCE ONE MORTGAGE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (106-1) for leave to file a third amended complaint is granted. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 1 9 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 112 |
| | Mail AO 450 form. | | GMA docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

THOMAS BRADFORD and GRACE BRADFORD, on behalf of themselves and all other similarly situated individuals,

Plaintiffs,

v.

INDEPENDENCE ONE MORTGAGE CORPORATION,

Defendant.

No. 94 C 1742
MDL No. 899
Judge James B. Zagel

**DOCKETED**
APR 1 9 2004

## MEMORANDUM OPINION AND ORDER

### Factual Background

This case first arrived on my docket in February of 1994 after being transferred from the U.S. District Court for the Western District of New York for consolidation with other similar cases. It is one of the few cases of its type that remains. At the time the original Complaint was filed, Independence One Mortgage Corporation (IOMC) serviced approximately 155,000 mortgages on properties located in all 50 states and the District of Columbia. In 1994, IOMC sold its assets to Norwest, including the servicing rights to approximately 120,000 loans. The records associated with IOMC's loans were also transferred to Norwest. Since that time, IOMC has not been in the business of servicing mortgage loans.

In September of 1996, the Plaintiffs moved for certification of a nationwide class. An agreed upon order was entered by this Court on September 18, 1997 certifying five subclasses all of which included only those mortgages being serviced by IOMC as of September 30, 1994. The date was important because it limited the class to loans which were "open," i.e. being serviced at

112

the time IOMC transferred its loans to Norwest. The order did not address the status of those potential class members with "closed" loans, loans that were paid off before September 30, 1994, other than to say that Plaintiffs' pending motion for class certification was withdrawn. In March of 2000, Plaintiffs moved for certification of the remainder of the class.

During supplemental briefing on the issue, the Seventh Circuit handed down its decision in *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 288 F.3d 1012 (7th Cir. 2002). *In re Bridgestone/Firestone* made certification of a nationwide class inappropriate where the litigants' cases were governed by differing state laws. Thereafter, on October 7, 2003, I denied class certification for both the "open" and "closed" loans and invited Plaintiffs to file for certification of narrower classes. Ten days later, Plaintiffs brought a renewed motion to certify a statewide class in New York.

## Analysis

Plaintiffs have subsequently brought two motions seeking to amend their original Complaint to add the following class representatives from various states: Josephine H. Merlo for Illinois, Armando and Rosa Medina for Florida, Andrea Bianchi for New Jersey, and Wanda G. Freeman for South Carolina.[1] Federal Rule of Civil Procedure 15(a) provides that where a responsive pleading has already been served, a party may amend its pleading "only by leave of the court" and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "leave to amend need not be given if there is an apparent reason not to do so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[1] The motion to file a Third Amended Complaint includes all five representatives and supercedes the motion to file a Second Amended Complaint, which included only Ms. Merlo.

2

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility." *Chavez v. Ill. State Police,* 251 F.3d 612, 632 (7th Cir. 2001), *quoting Payne v. Churchich,* 161 F.3d 1030, 1036 (7th Cir. 1998).

Additionally, the burden rests upon the plaintiff to show a valid reason for delay in seeking leave to amend. *Ameritech v. Computer,* 188 F.R.D. 280, 286 (N.D. Ill. 1999) *citing Saders v. Venture Stores,* 56 F.3d 771, 775 (7th Cir. 1995). A denial of the motion is warranted when a party fails to "provide an explanation as to why the amendment did not take place sooner" and its delay is burdensome to the opposing party. *Hindo v. University of Health Sciences,* 65 F.3d 608, 615 (7th Cir. 1995).

IOMC objects to the amendment on grounds that (1) it would be futile, (2) it would unduly prejudice IOMC, (3) it would unduly delay these proceedings, and (4) the Plaintiffs have not presented any justification for their delay in seeking to amend.

1. Futility

IOMC argues that the amendment would be futile because the statute of limitations has expired as to some, if not all, of the newly named plaintiffs. Ms. Merlo and possibly some of the other newly named plaintiffs had loans that were "closed" before 1994 and were not part of the original class certified by this court on September 18, 1997. IOMC claims that the September 18th order, which called for the withdrawal of Plaintiffs' motion for certification of a broader class, started the clock for statute of limitations purposes, making the newly named plaintiffs' claims untimely.

As a rule, putative class members' individual claims are tolled at all times during the pendency of a class action up to and until class certification is actually denied. *American Pipe &*

3

*Constr. Co. v. Utah*, 414 U.S. 538 (1974); *See Also Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). Tolling is appropriate and necessary because "[w]e want the class members to rely on the filing of the class action rather than to clutter the courts with a multitude of separate suits" filed merely to prevent the statute of limitation from running. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

IOMC argues that Plaintiffs' withdrawal should be treated as a denial. I disagree and find the two are fundamentally different. Tolling is done to prevent potential class members from filing independently until the class's scope is defined. Unlike a denial, a withdrawal does not permanently define or limit class membership. It leaves open the potential for subsequent requests for certification of a broader class, such as the one filed by Plaintiffs in March, 2000. Thus, a withdrawal is insufficient to start the time running. Since time was tolled until the motion for class certification was denied on October 7, 2003, the claims of potential class members with "closed" loans fall well within the statutory period and are not time barred.

IOMC also argues that amending the complaint to include newly named plaintiffs who will ultimately represent state classes is wasteful because such statewide classes are barred by the Seventh Circuit's Decision in *In re Bridgestone/Firestone*. In that decision, the Court reversed the district court's certification of a nationwide class because the differences in state tort law destroyed predominance of common issues of law within the class. The Court went on to address the possibility of statewide classes stating that "[l]est we soon see a Rule 23(f) petition to review the certification of 50 state classes, we add that this litigation is not manageable as a class action even on a statewide basis." *In re Bridgeston/Firestone*, 288 F.3d at 1018.

IOMC argues, on the basis of this statement, that *In re Bridgestone/Firestone* barred statewide class actions in cases where the law differs between states and that this bar prevents me from certifying state classes in this case. However, IOMC's reading of *In re Bridgestone/Firestone* is divorced of its proper context. The Seventh Circuit's prohibition against statewide classes was based primarily on the factual differences that existed between individual class members, which could not be resolved by segregation into states. *Id.* at 1018-1019. Given the Court's reliance on these factual differences, I find that *In re Bridgestone/Firestone* does not create an outright bar against certification of statewide classes in cases such as this one, and I leave the question of whether statewide class certifications would work here for another day.

2. Prejudice

IOMC argues that allowing Plaintiffs to amend their complaint will cause it undue prejudice because it no longer has all the evidence necessary to defend itself in cases where the loans were "closed."[2] One reason that IOMC agreed to certify a class consisting of persons whose loans were "open" at the time its assets were transferred to Norwest was because it had retained those records. IOMC did not, however, maintain full records of "closed" loans. Some evidence pertaining to the mortgage accounts serviced by IOMC does exist on microfiche and can be searched manually. The limitations of this information combined with the rather arduous process of accessing it will certainly make investigation of the class members' claims more

---

[2] This case has a ten year history with this court. Since this suit was filed, IOMC has transferred its mortgage servicing business and the records associated with them to Norwest, and it has also been through two changes of ownership. The difficulty IOMC's counsel is having in locating the appropriate records, although unfortunate, is understandable.

5

difficult. However, this difficulty will be born by both parties. Limitations associated with the currently available data will not only affect IOMC's ability to defend itself but will also affect Plaintiffs' ability to prove their case. So much evidence may have been lost that moving forward renders the determination of liability or damages unreliable but that is not a judgment that ought to be made in the abstract. The Plaintiffs ought to be given a chance to make their case. Time will tell whether doing so is too difficult or too costly. Thus, I find any prejudice caused to IOMC is balanced out by prejudice caused to Plaintiffs.

### 3. Undue Delay of the Litigation

IOMC argues that allowing Plaintiffs to amend their Complaint will unduly delay the resolution of this case. IOMC contends that Plaintiffs' pending motion for certification of a New York class could be fully briefed and decided by this court in a relatively short period of time, allowing this case to proceed toward trial and resolution. Allowing this amendment, IOMC argues, will drastically slow down the resolution of the New York class's claims. However, resolution of the New York class's claims will not bring this litigation to an end. The New York class members are only a subsection of the national class Plaintiffs originally sought to certify. If I deny this motion, Plaintiffs will undoubtedly file individual suits across multiple states. It is likely, although not altogether certain, that these cases would ultimately be transferred back to me. This potential filing and transferring creates the possibility that the majority of this litigation could be dragged out even longer than if I allowed these amendments. Since the prospect of undue delay exists whether or not I grant this motion, it does not create sufficient grounds for denial of the proposed amendments.

1

### 4. Unjustified Delay

Finally, IOMC argues that the amendments should not be allowed because Plaintiffs' delay in filing such amendments is unjustified. IOMC claims that counsel have known about those class members they wish to add since the inception of this litigation over ten years ago and should have added them earlier. Plaintiffs are now seeking to amend their complaint to name plaintiffs who can represent classes from individual states. Plaintiffs argue and I agree that they had no need to do so until nationwide class certification was denied on October 7, 2003. After that denial, Plaintiffs moved reasonably quickly to amend their Complaint.

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Third Amended Complaint is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 15 April 2004