# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DAVID E. FOURNIGAULT, JOSEPHINE H. MERLO, ARMANDO MEDINA, ROSA MEDINA, WANDA G. FREEMAN, DEBORAH E. MILLER, MARK F. KLEEMEIER, DEANNA J. KLEEMEIER, RICHARD W. BAIER, and DIANE L. BAIER, individually and on behalf of all persons similarly situated,

    Plaintiffs,

       v.

INDEPENDENCE ONE MORTGAGE CORPORATION,

    Defendant.

No. 94 C 1742
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Defendant argues that I did not properly consider the predominance of common issues.[1] The principal argument is that the breach of contract claim cannot be suitable for class certification because common issues cannot predominate over the individual issues in this case. I have agreed to reconsider the matter and, as Defendant requested, I have reviewed the relevant provisions of the contracts. I will not address the argument about the RICO claim now, because the thrust of the reconsideration motion is directed towards the breach of contract claim.

I find that common issues predominate overwhelmingly over any individual issues. All of the contracts, except for the Ohio class, require the same determination as to whether the class members contracted away their right to interest on the escrow accounts. The entire decision rests

---

[1]Numerosity is not an issue – the open loans number in the many thousands except for one State whose class numbers 518.

on the general unitary determination of whether the contracts (all of which contain similar language) are limited to waiving of interest on funds used to pay escrow obligations, **or** whether they apply to funds which are in escrow, regardless of whether or not they are used to pay escrow obligations. In each State class, a ruling that the form language applies to any money that ever finds its way into escrow, and those monies are exempted from interest, effectively ends the case in victory for Defendant over any class member who has signed the standard form contract. A decision to the contrary would move the case along to consider further issues in which commonality also predominates to a very high degree.

Defendant argues that anyone who pays off the mortgage and closes the loan has waived any claim to interest-only damages. This argument would apply to virtually all class members. The people it would not apply to, such as some class representatives, would be few in number with very small damages.

Should the case survive that class-wide ruling, the issue of the contract provisions which govern the calculation of the amount of money in escrow still remains. There are variances from contract to contract but common issues predominate still. They predominate partly because the differences between the contracts are minimally significant, and where differences exist, the fundamental issues are the same across the contracts, regardless of their language. One principal issue is whether the clauses authorizing "reasonable estimates" are a defense to the claim. But the overriding theory of the breach of contract claim is that, whatever authorization is given for estimates, there is no right, under any contract, to keep excess funds or, more precisely, not to zero out the balance at least once a year. Nothing in the various contracts I have read would change the course of litigation on this issue. Nor would the fact that the contracts contain

differing clauses regarding handling of excess escrow deposits.  All of the contracts either require or do not require the escrow accounts to be zeroed out (or reduced to an authorized cushion).  Plaintiff contends that all the contracts require this.  Should Plaintiffs lose on this point, the litigation would be effectively over.

Defendant also raises the problem that, even if all the contracts are uniformly construed, at least as to the material provisions, there are problems because the records may not be available to show which contract type each class member had – whether one had a zero cushion or a one-month cushion.  Given the formulaic handling of transactions, I doubt that this would be a problem.  In any event, the absence of records as to some class members is a damage processing issue that would be a normal occurrence in large number class actions.  Moreover, both sides are exploring the question of spoliation.  That issue, involving conduct by a very small number of persons employed by Defendant and Plaintiffs, is best handled in a class setting.  This likewise applies to the counter-argument that Plaintiff's counsel are responsible for spoliation.  Resolution of spoliation is a class issue and one which clearly predominates over any individual plaintiff's factual circumstances.

While I am not here deciding the summary judgment motion, I did examine Defendant's arguments. I did this not to determine the merits, which I may not consider on the question of class certification, but to see the approach Defendant took to its defense of the breach of contract claim.  That approach demonstrated that Defendant itself treats this as a case in which common issues predominate by a large margin.  It seeks to eliminate the claims on grounds that apply either broadly or universally to all mortgagees.   It advocates uniform construction of the crucial

terms of the contracts, regardless of differences in wording; this fact is not surprising, given the use of standard forms in mortgage transactions throughout the country.

If Plaintiff can show that the outcome would not vary from contract to contract, it is difficult to conceive that a class representative would fail to achieve a judgment resulting in recovery for the members of his or her class if the representative prevails on the arguments that: (1) contracts which refer to "no interest" on escrow mean only no interest on the accumulated funds used for the purposes defined in the escrow, and not on the excess fund; (2) even reasonable good-faith estimates that result in over escrows do not eliminate the obligation to get to zero or the cushion once a year; and (3) a person in a state sub-class does not waive the right to interest by paying off a loan.

In my original class definition, I do agree that it was unnecessary and wrong to add the requirement that a member be one "whose escrow balances having been disclosed as overages were maintained in their accounts rather than being returned or credited to them." My error misled defendant into believing that I had made a preliminary determination of the merits. As Defendant correctly notes, it is also an element based on a legal conclusion. Plaintiffs' counsel agrees that the phrase should be changed and I adopt their suggestion. Element d. should read as follows:

> d. (i)  Their mortgage was written on a form bearing the legend
> "Single Family-Fannie Mae/Freddie Mac Uniform Instrument"
> with a revision date before September 1990 (9/90),[2] and the
> balance in the escrow account did not fall, at least once during any
> accounting year that IOMC serviced the loan, to a zero balance
> ($0), or less;

---

[2]The September 1990 (9/90) date is applicable to all subclasses except New York, whose date is October 1991.

> -or-
> (ii) Their mortgage was written on a government form (HUD,
> FHA, etc.) with a revision date before May 1990, and the balance
> in the escrow account did not fall, at least once during any
> accounting year that IOMC serviced the loan, to 1/12 of the total
> annual escrow disbursements, or less;
> -or-
> (iii) Their mortgage was written on a form bearing the legend
> "Single Family-Fannie Mae/Freddie Mac Uniform Instrument"
> with a revision date after August 1990,[3] or on a government form
> (HUD, FHA, etc.) with a revision date after April 1990, and the
> balance in the escrow account did not fall, at least once during any
> accounting year that IOMC serviced the loan, to 1/6 of the total
> annual escrow disbursements, or less.

The best case for denying class certification is that damages will have to be determined

individually, even if liability is best decided as a class. I think that this is also unpersuasive. If

liability is found, it should result in a formula or algorithm that will be applied to each individual

account record – a process that has proven workable in numerous consumer and securities fraud

cases. I agree that the class certification might crumble if my prediction is not borne out. In this

sense, the certification is, in part, conditional and still open to reconsideration in the future.

I have reconsidered the class certification without resting upon, or considering, the

punitive damage theory based on a claim which Plaintiff may not pursue. I will also leave for

another day the ruling on the recently briefed motion to compel discovery.

---

[3]The August 1990 date is applicable to all subclasses except New York, whose date is
September 1991.

As amended herein, my original ruling on class certification stands.

ENTER:

_James B. Zagel_
James B. Zagel
United States District Judge

DATE:  May 10, 2007